UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

IVAN BENJAMIN

                Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
DANIEL CONFORTI, SHIELD # 26403,
STRATEGIC RESPONSE GROUP 4; POLICE
OFFICER MATTHEW O'BRIEN OF PATROL
BUREAU QUEENS SOUTH and
UNIDENTIFIED POLICE OFFICERS all sued
herein in their official and individual capacities,

                Defendants.

----------------------------------------------------------X

15 CV 2319 (FB) (MDG)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.     This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4). Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. §1367 and requests that this Court hear and decide his State common law claims.

      2.     Under 28 U.S.C. §1391(a)(2), venue is proper in the Eastern District of New York because the events being litigated took place within the Eastern District of New York.

## PARTIES

      3.     Ivan Benjamin is an African American male was and still is a resident of Queens County in the City and State of New York.

      4.     Defendant City of New York is a Municipal Corporation within New York State.

      5.     Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all

times relevant, the City of New York employed the defendant Police Officers more fully identified below.

6. Defendants POLICE OFFICER DANIEL CONFORTI, SHIELD # 26403, POLICE OFFICER MATTHEW O'BRIEN OF PATROL BUREAU QUEENS SOUTH and UNIDENTIFIED POLICE OFFICERS were at all times relevant duly appointed and acting as employees of the New York City Police Department.

7. The individual defendants are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in both their official and individual capacities.

8. The individual defendants were agents, servants and employees acting within the scope of their employment by defendant City of New York.

9. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

**NOTICE OF CLAIM**

10. On or about Septemeber 8, 2014 and within ninety days after his claims arose, Ivan Benjamin served his Notice of Claim upon defendant the City of New York by certified mail return receipt to the Office of the Comptroller of the City of New York.

11. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

12. Mr. Benjamin's 50-h hearing was conducted on January 6, 2015.

13. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payments thereof has been neglected or refused.

14. This action was commenced within one year and ninety days of when the plaintiff's state claims became ripe and within three years of when the plaintiff's federal claims accrued.

# FACTS UNDERLYING
# PLAINTIFFS' CLAIMS FOR RELIEF

15. On July 24, 2014 at approximately 10:30 p.m., at 225th Street and North Conduit Avenue in Queens New York, Mr. Benjamin was stopped while driving a car in which his fiance and her daughter were passengers.

16. Despite the fact that Mr. Benjamin did not resist being arrested he was pulled violently out of his car through the window and put roughly on the ground.

17. Once Mr. Benjamin was out of the window he was punched in the head.

18. Subsequently, when he was on the ground, Mr. Benjamin was violently struck with a blunt object in the head by the defendant officers.

19. Instead of bringing Mr. Benjamin to the hospital, he was initially brought to the 105th precinct, and from there, an ambulance was summoned.

20. While still in custody, Mr. Benjamin was brought by ambulance to Long Island Jewish Hospital (LIJ) and subsequently to North Shore in Manhasset for treatment due to head trauma.

21. Mr. Benjamin was diagnosed with a subdural hematoma along the right tentorial leaflet.

22. Following diagnosis of the subdural hematoma, Benjamin was transferred to North Shore University Hospital for additional evaluation, where he was found to suffer from a right subconjunctival hemorrhage to the right eye.

23. Upon undergoing a CT brain scan without contrast at North Shore University Hospital Mr. Benjamin was diagnosed with a grossly stable subdural hematoma layering across the right tentorial leaflet and a right periorbital/premaxillary soft tissue contusion was noted.

24. On July 29, 2014 Mr. Benjamin was prematurely removed from the hospital by the NYPD and brought to prison.

25. Subsequently, and as a direct result of the defendants' assault upon him, Mr. Benjamin developed post-traumatic convulsive seizures approximately 10 weeks after the traumatic brain injury resulting in a subdural hematoma, which he was treated for at Jamaica Hospital Medical Center's Emergency Department on 10/5/2014, and discharged on anti seizure medication.

26. Mr. Benjamins' short-term injuries include pain, swelling, impaired vision, disfiguration and discomfort due to blunt force trauma to his face, neck, head, eye and arm and he sustained a right tentorial subdural hematoma (a brain bleed).

27. Mr. Benjamin's long-term injuries include post-traumatic seizures and epilepsy.

28. Because Mr. Benjamin's head injury was severe enough to cause a subdural hematoma, as well as due to the presence of the subdural hematoma itself, there is a greatly increased probability that he will require long-term, and likely lifetime, daily use of antiepileptic medications.

29. Mr. Benjamin is at risk of having seizures despite being on antiepileptic medications, which puts him at increased risk of injury from falls, drowning, burns, motor vehicle accidents, aspiration pneumonia and aspiration pneumonitis.

30. Mr. Benjamin's seizure risk also limits the type of occupations and activities he can safely engage in and makes it unlikely he will be able to return to his job, which to date, he has been unable to do.

31. Mr. Benjamin has suffered severe physical injuries and he has lost his ability to work, at least for the present, due to the beating he sustained on July 24, 2014 at the hands of the defendants.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
USE OF EXCESSIVE AND UNREASONABLE FORCE
IN VIOLATION OF THE FOURTH AMENDMENT
<u>TO THE UNITED STATES CONSTITUTION</u>**

32. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

33. By reason of the forgoing, the individual defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including his right to be free from the use of excessive and unreasonable force.

34. Individual defendants beat the plaintiff by roughly pulling him out of the car, punching him, by bringing him roughly to the ground and by hitting him in the head with a blunt object.

35. At no time did any of the individual defendants intervene to prevent or end the misconduct to which Mr. Benjamin was being subjected.

36. The individual defendants' acts and omissions caused plaintiffs to sustain physical and financial damages, including permanent and non-permanent physical injuries and limitations on his ability to work.

37. At no time was there any legal necessity to use any quantum of force on Mr. Benjamin, much less the malicious, sadistic and extreme force which was employed.

38. By reason of the aforesaid, Mr. Benjamin has been damaged and he is entitled to compensatory and punitive damages and an award of attorney's fees is appropriate pursuant to 42U.S.C. §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF FOR BATTERY**

39. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

40. Defendant City of New York is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

41. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

42. By the actions described above, Mr. Benjamin was, without consent, intentionally touched in a harmful and offensive manner.

43. Individual defendants beat the plaintiff by roughly pulling him out of the car, punching him, by bringing him roughly to the ground and by hitting him in the head with a blunt object.

44. The individual defendants' acts and omissions caused plaintiff to sustain physical and financial damages, including permanent and non-permanent physical injuries and limitations on his ability to work.

45. At no time was there any legal necessity to use any quantum of force on Mr. Benjamin, much less the malicious, sadistic and extreme force which was used.

46. By reason of the aforesaid, Mr. Benjamin has been damaged and he is entitled to an award of compensatory damages.

### THIRD CLAIM FOR RELIEF ON BEHALF OF
### PLAINTIFF FOR ASSAULT

47. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

48. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

49. By reason of actions described above, plaintiff feared being beaten and beaten further by the defendants.

50. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory damages.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff's rights under the United States Constitution were violated;

(B)  Compensatory damages to be determined at trial.

(C)  By reason of the wanton, willful and malicious character of the conduct complained of herein, plaintiff is entitled to an award of punitive damages on his federal cause of action against the individual defendants in amounts to be fixed at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)  An award of attorney's fees pursuant to 42 U.S.C. §1988; and

(F)  Such other and further relief as this Court may deem just and proper.

Dated: October 22, 2015
      New York, New York

                                      / s /
                              Fred Lichtmacher (FL-5341)
                              The Law Office of Fred Lichtmacher P.C.
                              *Attorneys for Plaintiff*
                              2 Wall Street 10th Floor
                              New York, New York 10005
                              (212) 922-9066

To:    Zachary Carter
        Corporation Counsel NYC
        Attorneys for NYC
        100 Church Street
        New York, New York 10007